## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| ERIKA SANCHEZ | ) |
|     Plaintiff, | ) ) |
| v. | ) No. 1:22-cv-00406-HAB-SLC |
| HAWK, HAYNIE, KAMMEYER & SMITH, LLP | ) ) ) |
|     Defendant. | ) ) |

### OPINION AND ORDER

Plaintiff Erika Sanchez (Sanchez) purchased a car that turned out to be a lemon. She returned it to the dealership and asserts that rather than canceling the debt and keeping her downpayment as it had agreed, the dealership considered the vehicle's return to be a repossession. The dealership then sold the vehicle at auction and hired the Defendant law firm to collect the deficiency balance. After the state collections actions was dismissed, Sanchez filed suit against the Defendant asserting claims under the Fair Debt Collection Practices Act (FDCPA) and various Indiana state laws (ECF No. 1). Defendant has moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief. (ECF No. 9). The motion is fully briefed and ripe for consideration. (ECF Nos. 10, 13, 14). For the reasons below, the Defendant's motion will be DENIED.

### DISCUSSION

1. **Legal Standards**

Defendant styles its motion as one under Fed. R. Civ. P. 12(b)(6) or, alternatively, a request under Fed. R. Civ. P. 12(e) for a more definite statement. The purpose of a Rule 12(b)(6) motion to dismiss is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520

(7th Cir. 1990). Claims filed within the federal courts are governed by Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For a claim to survive a Rule 12(b)(6) motion to dismiss, the claim must sufficiently "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. A plaintiff must provide enough detail "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555) (internal citations and markings omitted). For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012). At the Rule 12(b)(6) stage, a district court may also consider exhibits attached to the complaint. *Thompson v. Ill. Dept. of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002).

Alternatively, Defendant moves for a more definite statement under Rule 12(e). Unlike a Rule 12(b)(6) motion, a Rule 12(e) motion "is the right way to ask plaintiffs to lay out details that enable the defendants to respond intelligently and the court to handle the litigation effectively." *Chapman*, 875 F.3d at 849. Still, the Rule "cannot be used to turn federal civil procedure into a fact-pleading or code-pleading system." *Id.* "Motions under Rule 12(e) are disfavored generally, and courts should grant such motions only if the complaint is so unintelligible that the defendant

2

cannot draft responsive pleading." *Mission Measurement Corp. v. Blackbaud, Inc.*, 216 F. Supp. 3d 915, 917 (N.D. Ill. 2016) (internal quotation marks omitted).

2.  **Factual Allegations**

On July 12, 2019, Plaintiff bought a used 2010 Chevrolet Aveo ("the Vehicle") for $5,500 from a dealership operated by Ultimate Auto Deals, Inc. ("Ultimate"). (Compl., ECF No. 1, ¶ 6 and Ex. A, Copy of Retail Installment Contract). Plaintiff paid a downpayment of $500. (*Id.* ¶8). Hours later, problems arose with the Vehicle and the Plaintiff immediately contacted Ultimate to advise it of the problems. (*Id.* ¶¶s 9-10). Ultimate instructed Plaintiff to bring the Vehicle back and it would look at it. Plaintiff brought the Vehicle to Ultimate on July 14, 2019. (*Id.* ¶11). Upon looking at the Vehicle, Ultimate determined that the problem was "serious" and informed Plaintiff that she would be responsible for the costly repairs. (*Id.* ¶¶s 12-13).

After learning that Ultimate claimed she was responsible for the repairs, Plaintiff asked Ultimate if she could return the Vehicle. In turn, Ultimate offered to accept the return of the Vehicle and release the Plaintiff from liability in exchange for Plaintiff forfeiting her downpayment. (Compl. ¶15). Plaintiff agreed to these terms and left the Vehicle with Ultimate. (*Id.* ¶16).

Plaintiff asserts that Ultimate did not honor their deal and, on October 3, 2019, Ultimate tried to sell the Vehicle at the Indiana Auto Auction with the announced condition of frame damage. The highest bid received was $700. Ultimate did not sell the Vehicle at the Indiana Auto Auction. (Compl. ¶19 and Ex. C, Fax from Indiana Auto Auction indicating no sale). On the same date as the auction, Ultimate sent Plaintiff a letter indicating that the vehicle "was bid off at FORT WAYNE AUTO TRUCK AUCTION on 10/03/19 for the amount of $700.00 leaving you a Deficiency Balance of $7,671.82." (*Id.* ¶20 and Ex. B).

On March 18, 2020, Ultimate, using the Defendant law firm ("the Firm"), filed a deficiency lawsuit against Plaintiff, *Ultimate Auto Deals, Inc. v. Erika Silva Sanchez and Paul Ramirez Garcia*[1], Cause No. 02D03-2003-CC-000708. The complaint in the deficiency lawsuit falsely states that "Defendants failed to make the payments pursuant to the terms of the Contract and the vehicle was repossessed and was sold." (*Id.* ¶26). The complaint further recited that "the proceeds of the sale were applied to the outstanding amounts owed and there was a deficiency balance owed after the sale of $7,198.00 as of October 3, 2019." Plaintiff asserts that the Firm knew or was reckless in filing the lawsuit as there was no probable cause for filing the deficiency lawsuit. (*Id.* ¶25). Plaintiff further asserts that the Firm knew the Vehicle had not been sold on the date it filed the lawsuit and there was no deficiency balance. (*Id.* ¶¶29, 30).

On October 2, 2020, Ultimate sold the Vehicle in a retail sale to a third party for $3,698.00. (*Id.* ¶32). On October 14, 2020, the Firm moved for default judgment in the deficiency lawsuit. In support of that motion, the Firm submitted a false affidavit from Luis Hernandez[2] and Plaintiff alleges that Defendant knew or was reckless in filing the false affidavit. (*Id.* ¶35). The affidavit states that the amount due is $7,198.00, based on the sale of the Vehicle for $700 on October 3, 2019. Based on the Firm's filings, on November 10, 2020, a default judgment was granted against Plaintiff in the deficiency lawsuit for $11,122.76. (*Id.* ¶38).

On November 9, 2021, Plaintiff moved to set aside the default judgment asserting fraud as the basis. More filings from the Firm opposing that motion are alleged to contain knowingly false and misleading information –that the Vehicle was sold at the Indiana Auto Auction (not the Fort Wayne Auto Truck Auction) on October 3, 2019, for $700. Based on this misleading information,

---

[1] Paul Ramirez Garcia is Plaintiff's son who participated in the purchase of the Vehicle. He is not a plaintiff in the federal lawsuit and so the Court refers only to Sanchez as the Plaintiff.

[2] Upon information and belief, Hernandez is an employee of Ultimate.

4

the court denied the Plaintiff's motion in the state court deficiency suit. On a motion to correct error in the deficiency lawsuit, Plaintiff presented proof from the Indiana Bureau of Motor Vehicles that the Vehicle was not sold until October 2, 2020. In response, the Firm submitted a supplemental affidavit from Luis Hernandez admitting that he had lied and the Vehicle was not sold at auction on October 2, 2019. In another filing, the Firm represented that "the material facts submitted and designated in this case were accurate." (Compl. Ex. G at 5). Plaintiff asserts the Firm knew or was reckless in not knowing that its filings presented false information to the court. On February 22, 2022, the default judgment in the deficiency lawsuit was set aside. On November 9, 2022, the deficiency lawsuit was dismissed with prejudice.

Based on these facts, Plaintiff brings claims that the Firm violated the FDCPA along with state court claims for malicious prosecution, fraud upon the court, and conspiracy to commit fraud upon the court.

3. Analysis

The Firm asserts that none of the four enumerated claims state a claim for relief. Specifically, it asserts that the Complaint fails to articulate how or what actions it took that violated the FDCPA. The motion also asserts the allegations fail to establish a claim for malicious prosecution or fraud upon the court under Indiana law, and that an independent cause of action for civil conspiracy does not exist in Indiana.

As for the FDCPA, the Firm contends that "there are no factual allegations to tell us what the FDCPA violation was, only an allegation that 'Defendant violated the FDCPA.'" But this argument ignores the 52 factual paragraphs set out in the Complaint. Those allegations, read favorably to Plaintiff allege that the Firm, operating as a debt collector under the FDCPA, made false and misleading statements in court filings to try to collect a debt. This Court fails to see how

5

these allegations confuse the Firm or how the Firm would be unable to formulate a response in the form of a denial. As our sister court in the Southern District has articulated:

> The Court goes back to basics. "A claim is the aggregate of operative facts which give rise to a right enforceable in the courts." *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 399 (7th Cir. 2012) (quoting *Florek v. Village of Mundelein*, 649 F.3d 594, 599 (7th Cir. 2011)). Rule 12(b) allows a party to defend against a claim by raising in a motion any of seven listed defenses. Fed. R. Civ. P. 12(b). Rule 12(b)(6) is the defense "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A claim can fail Rule 12(b)(6) two ways. It can be formally inadequate, by failing to meet the relevant pleading standard, or it can be substantively inadequate, by describing facts that do not amount to a legal wrong. *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) (explaining the difference between formal and substantive adequacy and illustrating with examples).

*Churchwick Partners, LLC v. Seal Keystone, LLC,* 2023 WL 2973801, at *1 (S.D. Ind. Apr. 17, 2023).

The Firm has not asserted that the FDCPA claim is substantively inadequate; it alleges only that the allegations fail to meet the relevant pleading standards. This is baffling. Under federal notice pleading, "formal adequacy is a low bar." *Churchwick Partners,* 2023 WL 2973801, at *2. Indeed, this "low bar" is set by the default pleading standard in Fed. R. Civ. P. 8(a)(2) which requires only a "short and plain statement of the claim." Plaintiff recites 52 paragraphs of conduct in the deficiency lawsuit culminating in its contention that the Firm "violated the Fair Debt Collection Practices Act." (Compl. ¶¶s 53-55). The Court fails to see how this does not put the Firm on fair notice that Plaintiff is claiming its conduct in the deficiency lawsuit violated the FDCPA. Nothing more is required. While the facts alleged must sketch a claim that is "plausible," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the complaint need not lay out all the facts that must eventually be proved to prevail at trial—that is what discovery is for. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002); *Bennett v.*

*Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998) ("Litigants are entitled to discovery before being put to their proof, and treating the allegations of the complaint as a statement of the party's proof leads to windy complaints and defeats the function of Rule 8."). The Motion to Dismiss Plaintiff's claims under the FDCPA is DENIED.

Next, the Firm challenges the substantive adequacy of the Plaintiff's claims for malicious prosecution and fraud on the court. Here too, the requirements of a substantive challenge are minimal. A claim survives if the facts as alleged, together with reasonable inferences, *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016), support any cognizable legal theory, *Shea v. Winnebago Cnty. Sheriff's Dep't*, 746 F. App'x 541, 545 (7th Cir. 2018). The complaint need not even mention a legal theory, *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1023 (7th Cir. 2018), much less commit itself to a single theory, *Zimmerman v. Bornick*, 25 F.4th 491, 493 (7th Cir. 2022) (citing *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)), still less provide facts corresponding with each element of that theory, *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017) (explaining federal pleading standards) ("[I]t is manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each."). And, by corollary, a complaint is not deficient because it asserts the wrong legal theory for one or more of its claims. *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011); *Beaton*, 907 F.3d at 1023.

For malicious prosecution, the Firm argues that there is no allegation that the Firm acted with a purpose other than aiding its client in securing a proper adjudication of its claim, *see Zibron v. Crawford,* 667 N.E.2d at 1287 (Ind. Ct. App. 1981). Nor is there any allegation that the state court proceeding terminated in Plaintiff's favor. *Wong v. Tabor*, 422 N.E.2d 1279, 1284 (Ind. Ct. App. 1981). Again, the Court is stumped. The Complaint here plausibly alleges that the Firm

knowingly submitted false information and affidavits to the court during its representation of a client. The Court may draw reasonable inferences from the factual allegations and, while Plaintiff will ultimately need to *prove* the Firm's purpose down the road, it is enough at this stage that the facts raise the specter that submitting false evidence on a client's behalf would go beyond aiding the client in securing a ***proper adjudication*** of a client's claim. Similarly, the Complaint alleges that the suit brought by the Firm was "dismissed with prejudice on November 9, 2022, a resolution in favor of [Sanchez]." (Compl. ¶52). That is all Plaintiff need say. Indeed, the Seventh Circuit has been clear:

> Any district judge (for that matter, any defendant) tempted to write "this complaint is deficient because it does not contain ..." should stop and think: What rule of law *requires* a complaint to contain that allegation? ... Complaints initiate the litigation but need not cover everything necessary for the plaintiff to win; factual details and legal arguments come later. A complaint suffices if any facts consistent with its allegations, and showing entitlement to prevail, could be established by affidavit or testimony at a trial.

*Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (cleaned up).

The Firm also attacks the legal sufficiency of the claim for fraud on the court asserting that the Complaint's allegations fail to demonstrate "a plan or scheme was used by the Defendant to improperly influence the Court, nor that the Court was actually influenced by the so-called fraud in its outcome." (ECF No. 10 at 3). The Firm cites *Stronger v. Sorrell*, 776 N.E.2d 353, 357 (Ind. 2002) for the proposition that "a party must establish" such a plan. But this case is not to a procedural point where the Plaintiff is required to "establish" anything. Plaintiff must only assert it. Plaintiff has done that. Defendant's Motion to Dismiss is therefore, DENIED as to the claims of malicious prosecution and fraud on the court.

Finally, the Defendant challenges the Plaintiff's claim for conspiracy to commit fraud on the court. Defendant contends that because Indiana does not recognize a civil cause of action for

conspiracy, Plaintiff's allegations of a conspiracy to commit fraud fails to state a claim. Again, the Court must disagree with Defendant's position.

The Firm is correct that in Indiana, there is no separate civil cause of action for conspiracy. *Sims v. Beamer*, 757 N.E.2d 1021, 1026 n.5 (Ind. Ct. App. 2001). Yet there *is* a civil cause of action for damages resulting from a conspiracy. *Id.* Allegations of civil conspiracy sound in tort. *Allen v. Great Am. Rsrv. Ins. Co.*, 766 N.E.2d 1157, 1168 (Ind. 2002). "Unlike criminal conspiracy, '[t]he gist of a civil conspiracy is not the unlawful agreement, but the damage resulting from that agreement.'" *Id.* (quoting 16 AM. JUR. 2d, Conspiracy, § 53 at 279 (1998)). In other words, allegations of a civil conspiracy are just another way to assert a concerted action in the commission of a tort. *Boyle v. Anderson Fire Fighters Ass'n. Local 1262, AFL–CIO*, 497 N.E.2d 1073, 1079 (Ind. Ct. App. 1986); see also, *Holland v. Ketcham*, 181 N.E.3d 1030, 1038–39 (Ind. Ct. App. 2021).

The Complaint asserts that Ultimate and Luis Hernandez conspired with the Firm to commit the tort of fraud on the Court. (Compl. ¶¶63, 64). This conspiracy, Plaintiff alleges, caused Plaintiff actual damages. Plaintiff seeks those damages along with punitive damages, costs, and attorney fees for the concerted action of the Firm. These allegations are enough to state a claim for civil conspiracy to commit fraud under Indiana law – but to *prevail* on this claim, Plaintiff ultimately must prove the underlying fraud. Defendant's Motion to Dismiss is DENIED.

## **CONCLUSION**

Based on the reasoning above, the Defendant's Motion to Dismiss (ECF No. 9) is DENIED. SO ORDERED on August 24, 2023.

                                               s/ Holly A. Brady
                                               CHIEF JUDGE HOLLY A. BRADY
                                               UNITED STATES DISTRICT COURT